Mark Rumold (SBN 279060)
*mark@eff.org*
Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

*Attorney for Plaintiff*
*Electronic Frontier Foundation*

MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
VICTORIA R. CARRADERO (CABN 217885)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7181
    FAX: (415) 436-6748
    Email: victoria.carradero@usdoj.gov

*Attorneys for Federal Defendant*
*United States Department of Commerce*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 3:12-cv-3683-TEH |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| DEPARTMENT OF COMMERCE, | Date:   Oct. 22, 2012 |
| Defendant. | Time:   1:30 p.m. |
| | Place:  Courtroom 12, 19th Floor |
| | Judge:  Hon. Thelton E. Henderson |

Plaintiff Electronic Frontier Foundation ("EFF") and Federal Defendant the United States Department of Commerce respectfully submit the following joint case management statement.

**1.     Jurisdiction and Service**

Venue is permissible in this District under 5 U.S.C. § 552(a)(4)(B).  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.  No issues exist regarding personal jurisdiction.  Defendant has been properly served pursuant to Fed. R. Civ. P. 4(i)(1).

**2.     Facts**

By letter dated May 7, 2012 and sent by email to Defendant, Plaintiff requested under the FOIA all agency records (including, but not limited to, electronic records) created from 2006 to the present, concerning "the export of devices, software, or technology primarily used to intercept or block communications."

By letter dated June 5, 2012, Defendant responded to Plaintiff's FOIA request, releasing two pages of records in full and withholding all license applications in full under Exemption 3 of FOIA, 5 U.S.C. § 552(b)(3).

By letter dated June 11, 2012, and sent by email, Plaintiff submitted an administrative appeal to Defendant, challenging both Defendant's withholding of responsive records and the adequacy of Defendant's search for responsive records.  Defendant was still processing Plaintiff's June 11, 2012 letter when Plaintiff filed this action 23 working days later.

Defendant maintains that all records responsive to Plaintiff's FOIA request are exempt from disclosure under 5 U.S.C. § 552(b)(3) and section 12(c) of the Export Administration Act of 1979, as amended, 50 U.S.C. app. § 2411(c), which provides in relevant part:

> Information obtained under this Act after June 30, 1980, may be withheld only to the extent permitted by statute, except that information obtained for the purpose of, consideration of, or concerning, license applications under this Act shall be withheld from public disclosure unless the release of such information is determined by the Secretary to be in the national interest.

Plaintiff contends that the Export Administration Act lapsed in 2001.

**3.     Legal Issues**

Whether records responsive to Plaintiff's FOIA request may be withheld in whole or in part

under 5 U.S.C. § 552. EFF reserves the right to challenge the adequacy of Defendant's search for responsive records after Defendant files declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-8 (D.C. Cir. 1973), and Defendant reserves all rights, objections and arguments pertaining to any such challenge.

**4.   Motions**

There are no prior or pending motions. The parties anticipate that this case is likely to be resolved through dispositive motions.

**5.   Amendment of Pleadings**

No party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.   Evidence Preservation**

Defendant has preserved copies of the documents responsive to Plaintiff's FOIA request.

**7.   Disclosures**

The parties agree and stipulate under Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange.

**8.   Discovery**

To date, no discovery has been taken by any party. Consistent with the parties' agreement that initial disclosures are not necessary in this FOIA action, the parties' stipulate that discovery is unnecessary at this time. *Judicial Watch, Inc. v. Export-Import Bank*, 108 F.Supp.2d 19, 25 (D.D.C.2000) ("[D]iscovery in a FOIA action is generally inappropriate."); *see also Wiener v. F.B.I.*, 943 F.2d 972 (9th Cir. 1991).

**9.   Class Actions**

This case is not a class action.

**10.  Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12.

**11.  Relief**

EFF seeks injunctive relief with respect to the release and disclosure of all records responsive to its FOIA request. EFF also seeks reasonable attorney's fees incurred in this litigation.

Defendant denies that Plaintiff is entitled to any relief. Defendant will seek dismissal and costs.

**12.    Settlement and ADR**

The parties believe that the prospect of settlement is low at this time. The parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties believe that this case is not well suited to ADR resolution, and therefore have filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2), (Dkt. No. 12), and an ADR telephone conference has been set for October 17, 2012. (Dkt. No. 13).

**13.    Consent to Magistrate for All Purposes**

Defendant declined to proceed before a magistrate on August 16, 2012. (Dkt. No. 6).

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties are unable to narrow the dispute. No party requests bifurcation of any issues, claims, or defenses.

**16.    Expedited Trial Procedure**

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    Scheduling**

The parties agree that this case is amenable to resolution through cross motions for summary judgment. To this end, the parties agree that dispositive motions will be filed no earlier than January 21, 2013. The parties continue to meet and confer in good faith about the scheduling of summary judgment briefing (cross-motions v. staggered motions, additional briefing time, etc. ) and hope to file a stipulation resolving the issue soon. If the parties are unable to agree within the next week, the parties will notify the Court and request the Court set a schedule.

**18.    Trial**

The parties anticipate that this case will be resolved by the Court on dispositive motions.

**19.     Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Local Rule 3-16, Plaintiff filed a Certificate of Interested Entities on August 6, 2012 (Dkt. No. 5). Other than those of the named party, Plaintiff has no interests to report.

**20.     Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

Because the case will likely be resolved through dispositive motions, the parties believe a Case Management Conference may be unnecessary at this time. However, as stated above, if the parties are unable to agree to a summary judgment briefing schedule, the parties will request a limited CMC or phone conference for purposes of resolving this limited issue.

DATED: October 15, 2012                     Respectfully submitted,

*/s/ Mark Rumold*
ELECTRONIC FRONTIER FOUNDATION
Mark Rumold, Esq.
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

*Attorney for Plaintiff*

MELINDA HAAG
United States Attorney

_____/s/_____
Victoria Carradero
Assistant U.S. Attorney

*Attorneys for Federal Defendant*

**DECLARATION PURSUANT TO GENERAL ORDER 45**

I, Victoria R. Carradero, attest that I have obtained the concurrence of Mark Rumold, Counsel for Plaintiff, in the filing of this document.

Executed on October 15, 2012, in San Francisco, California.

*/s/ Victoria R. Carradero*
Victoria R. Carradero