Mark Rumold (SBN 279060)
*mark@eff.org* Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Attorneys for Plaintiff*
*ELECTRONIC FRONTIER FOUNDATION*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br>Plaintiff,<br>v.<br>DEPARTMENT OF COMMERCE,<br>Defendant. | Case No.: 12-cv-3683 TEH<br>**RESPONSE TO DEFENDANT'S OBJECTION AND ADMINISTRATIVE MOTION TO FILE ADDITIONAL AUTHORITIES**<br>Hon. Thelton E. Henderson<br>Courtroom 12 - 19th Floor |

Plaintiff Electronic Frontier Foundation (EFF) respectfully submits this response to Defendant's objection to EFF's notice of filing of additional authorities. *See* Pl.'s Notice of Filing of Additional Authorities ("Notice") (ECF No. 31); Def.'s Objection to Pl.'s Late Filing (ECF No. 35). In addition, if the Court deems it necessary, EFF respectfully requests the Court also consider this response an administrative motion to file the additional authorities attached to the Notice. *See* Civil L. R. 7-11. An appropriate proposed order and declaration accompany this motion. *See id.*

EFF offers the following response and motion to provide background concerning the Notice and to describe the importance of the additional authorities to the Court's resolution of the pending

motions. For the reasons described more fully below, EFF's Notice and accompanying exhibits are properly before the Court.

**BACKGROUND**

The hearing on the parties' cross-motions for summary judgment was originally scheduled in this case for May 6, 2013. (ECF No. 24). After a brief continuance due to illness of Defendant's counsel, (ECF No. 28), the hearing was rescheduled for May 13, 2013. (ECF No. 29).

On May 10, 2013, during preparation for the parties' hearing the following Monday, counsel for EFF discovered two press releases originally issued on April 25, 2013 — one by Defendant, *see* Notice, Ex. 1 ("BIS Release) (ECF No. 31); the second by an American technology company, Blue Coat Systems, *see* Notice, Ex. 2 ("Blue Coat Release"). The press releases describe a settlement reached by Defendant with a foreign technology exporter, Computerlinks FZCO, for violation of export regulations. *See* Ex. 1, BIS Release. According to the press releases, Computerlinks FZCO submitted export applications for the export of surveillance technology made by Blue Coat Systems, the "Blue Coat Proxy SG," to Afghanistan and Iraq; however, instead of delivering the regulated technology to the stated destinations, Computerlinks FZCO subsequently diverted the technology to Syria. *See* Ex. 1, BIS Release; Ex. 2, Blue Coat Release. The press releases (as well as the additional product description, filed as Exhibit 3) publicly describe the export of *precisely* the type of surveillance technology at issue in this case; the exhibits are thus relevant — if not dispositive — to two claims made here by Defendant. *See infra*.

Because the press releases were issued on April 25, 2013, two weeks *after* the filing of EFF's reply, EFF was necessarily precluded from addressing them in its earlier filings. *See* Pl.'s Rep. (ECF No. 27) (filed on April 11, 2013). Furthermore, Defendant, itself, issued one of the press releases. *See* Ex. 1, BIS Release. Thus, Defendant was well aware of the facts contained within the exhibits, and providing the exhibits for the *Court's* consideration could not prejudice Defendant in any meaningful way. Finally, because EFF's counsel did not discover the BIS Release until the Friday afternoon before the parties' scheduled Monday-morning hearing, providing the documents to the Court through the Notice, without argument, was the most

appropriate course of action, given the documents' importance and the late hour at which they were discovered. EFF planned to address the filings with the Court by oral motion at the hearing the following Monday.

However, on Sunday, May 12, 2013, the Court continued the hearing for an additional week to May 20, 2013. (ECF No. 32). Due to previously scheduled conflicts on May 20, 2013, the parties stipulated to continue the hearing until June 10, 2013. (ECF No. 34). Defendant filed its written objection to EFF's additional filings on June 3, 2013, over three weeks after the documents were originally filed. (ECF No. 35). EFF now submits this response and motion.

**EFF'S NOTICE WAS PROCEDURALLY PROPER AND THE EXHIBITS ARE RELEVANT TO THE PENDING CROSS-MOTIONS**

Defendant objected to EFF's filing on the following grounds: (1) EFF failed to move the Court prior to filing; and (2) EFF failed to demonstrate the relevance of the filings to the proceedings. *See* Objection at 1.

As described above, because the information was discovered the Friday prior to the parties' scheduled Monday hearing date; because the information was vital to the Court's assessment of Defendant's claims; and because Defendant was already in possession of *all* the relevant information, the most prudent course for providing the documents for the Court's review prior to hearing was through the Notice and subsequent oral motion with the Court at the scheduled hearing. Defendant's objection on the grounds that the Notice was filed without leave of the Court is therefore misplaced.[1]

Second, as a result of the late discovery of the documents, EFF filed the Notice and attached exhibits without explanation or argument. EFF believed the relevance of the documents to Defendant's claims would be apparent to Defendant. In order to avoid submitting written argument to the Court without time to afford a similar opportunity for Defendant, EFF simply filed the

[1] In addition, and as noted above, should the Court deem it necessary, EFF respectfully requests this response be treated as an administrative motion to file the documents. This, alone, will obviate the primary basis for Defendant's objection.

Notice and attached exhibits. However, in light of Defendant's recent objection, EFF welcomes the opportunity to demonstrate, in writing, the exhibits' relevance to Defendant's claims.

The filed exhibits demonstrate and, indeed, undermine two claims made by Defendant. First, the exhibits show that EFF's request for records relating to technology used to "intercept and block" communications was sufficiently specific to encompass, *at minimum*, the technology described in the exhibits.[2] Defendant has argued that EFF's description of the requested records was "overbroad," "ambiguous," and failed "to reasonably describe the records sought." *See* Def. Rep. at 13 (ECF No. 25). Yet the BIS Release describes the regulated technology at issue there in a fundamentally identical way to the language used by EFF in its request: indeed, the *first paragraph* of the BIS Release states that the regulated technology was used to "monitor and control Internet traffic." Ex. 1, BIS Release at 1; *cf.* Pl. Rep. at 12 (describing EFF's request for records relating to technology used to "intercept and block communications"). Thus, a reasonable interpretation of EFF's request — even according to the language used by Defendant — would readily encompass the export applications for the technology described in the exhibits.[3]

Second, the press releases contain the same information that Defendant claims is "confidential" commercial or financial information under Exemption 4. *See* Def. Rep. at 6 (withholding "name of the exporter," "model of the item to be exported," and "additional information" under Exemption 4). The exhibits demonstrate — *at minimum*, with respect to the particular export applications underlying the activities described in the press releases — that the technology exported, the companies involved in the export of the technology, and the destination of

[2] Defendant has failed to provide any specific information about the records responsive to EFF's request. It is thus impossible to tell whether the export applications underlying the activity described in the press releases was already considered responsive to EFF's request.

[3] Providing further support that EFF's request, *at minimum*, encompassed the technology described in the exhibits, EFF's request contained a citation to an article describing the discovery in Syria of the very technology at issue in the press releases. *See* Declaration of Eileen Albanese (ECF No. 20-2), Ex. A (EFF FOIA Request, citing Jennifer Valentino-De[v]ries, Paul Sonne, and Nour Malas, *U.S. Firm Acknowledges Syria Uses its Gear to Block Web*, Wall Street Journal (Oct. 29, 2011)). Further, Blue Coat, itself, describes its technology as being useful for "filtering," "inspect[ing]," and "blocking" communications. *See* Ex. 3 at 1 (useful for "web filtering" and "deep inspection of content"), 2 (useful for "Proxy avoidance blocking").

the technology is not "confidential" information that may be withheld under Exemption 4. *See* BIS Release (describing applications for export to Iraq and Afghanistan for Blue Coat technology); *see also* Blue Coat Press Release (describing "Blue Coat ProxySG" as specific technology exported). Moreover, the fact that Defendant would disclose, *in a press release*, the very information it claims here to be so sensitive as to cause commercial or financial damage to a company calls into serious doubt the propriety of Defendant's claims in the first instance. Under any circumstances, the press releases demonstrate, as EFF previously contended, *see* Pl. Rep. at 10, that Defendant's single declarant cannot legitimately attest to the harm that would befall all companies' competitive positions if the allegedly "confidential" information — such as that contained within the press releases — is disclosed.

**CONCLUSION**

Discovery is rarely permitted in FOIA cases; instead, FOIA litigation depends on the accuracy of government representations to describe the withheld records, the information contained therein, and the basis for withholding the documents. Here, Defendant objects to inclusion in the record of published press releases containing the very information it claims to be "confidential" in this case; Defendant also objects to including in the record documents that plainly contradict its position concerning the alleged "ambiguity" of EFF's request for records. Defendant should not be permitted to say one thing in litigation before this Court, and another when it serves its objectives elsewhere.

In light of these considerations, Defendant's attempt to obstruct this Court's consideration of the issues with a full and adequate record should not be sustained.

Dated: June 5, 2013

Respectfully submitted,

/s/ Mark Rumold

Mark Rumold
Jennifer Lynch
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109

*Attorneys for Plaintiff*
*ELECTRONIC FRONTIER FOUNDATION*