MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CABN 217885)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone:(415) 436-7181
   FAX: (415) 436-6748
   Email: victoria.carradero@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF COMMERCE,<br><br>    Defendant. | No. CV 12-3683 - TEH<br><br>**FEDERAL DEFENDANT'S OBJECTION AND REQUEST TO STRIKE PLAINTIFF'S SECOND LATE AND DEFECTIVE FILING (Dkt No. 36)** |

Defendant United States Department of Commerce hereby submits this objection to Plaintiff Electronic Frontier Foundation's second late and defective filing at Docket No. 36.

As discussed in Defendant's Objections, Docket No. 35, Plaintiff improperly and belatedly filed a defective "notice" of purported "additional authorities" containing two press releases and a product description from a website.[1]  *See* Dkt No. 31.  Well aware of the local rules governing the filing of supplementary material after briefing is completed, Plaintiff failed to comply with them.  Defendant objected (*see* Dkt. No. 35) and now Plaintiff has submitted a purported "response" and "administrative motion" (Dkt No. 36) that is once again procedurally improper and is solely another attempt to raise additional substantive arguments and issues when the time to do so has long passed.

Plaintiff's initial contention that its filing at Docket 31 was procedurally proper fails on its face.  As Plaintiff is well aware, the Local Rules specifically provide for two, and only two, exceptions for which a party may file supplementary material after briefing is completed.[2]  As Plaintiff must concede, neither exception applies here.  Civ. L. R. 7-3(d).  Plaintiff's improper labeling does not render the defective filing compliant.

What Plaintiff essentially seeks is to submit purported additional evidence and substantive legal argument on new issues and on issues unrelated to the primary matter in this case (Exemption 3).  To excuse the severe misstep of not raising such matters at the appropriate

---

[1] This filing was made long after summary judgment briefing was completed and less than one business day prior to the hearing.  At no time before or after the scheduling and subsequent continuance of the hearing did Plaintiff bother to consult with Defendant on the belated matters raised so that the parties could discuss how to present this untimely issue to the Court.  Indeed, it was only after Defendant filed its objection that Plaintiff contacted Defendant.

[2] As discussed in Defendant's Objection at Dkt No. 35, pursuant to Civil Local Rule 7-3(d) governing supplementary material, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.  Between the two parties, Plaintiff had the last word on briefing and submitted its reply on April 11, 2013.  Dkt No. 24, 27.  As Plaintiff did not seek prior Court approval, its belated submission must fall within the two narrow exceptions, but neither apply here.  (7-3(d)(1) provides for submissions of objections to new evidence submitted on reply; 7-3(d)(2) provides for submission of a "Statement of Recent Decision" containing a "relevant judicial opinion" published after the filing of the opposition or reply).  Civ. L. Rule, 703(d)(1)-(2).

time months ago, Plaintiff baldly claims that it was unaware of them until after it filed its reply. This is false. Plaintiff cannot deny that information about the type of technology described in the late filed exhibits was available to Plaintiff long before it filed its FOIA request. To the extent that Plaintiff contends that such records should have been provided in response to its FOIA request, Plaintiff had several prior opportunities to raise this issue, including, during the administrative phase, in its Complaint, and during summary judgment briefing. In fact, during summary judgment briefing, Plaintiff listed several types of technology that it contends fell within the scope of the request. *See* Dkt No. 22, at Sec. III.A. Notably, no mention of Blue Coat products or related technology was made. Using Plaintiff's words, the "prudent course" (*see* Dkt No. 36, 3:17) for Plaintiff was to timely raise these matters long ago, not after briefing is done and on the eve of the summary judgment hearing.

Plaintiff's defective filing should be viewed for what it is - a wholly improper attempt to raise additional substantive legal arguments and issues at the last minute and a distraction from the real issue in this case (Exemption 3) - and be rejected accordingly. As Plaintiff admits "this case is best approached by first addressing the propriety of Defendant's Exemption 3 claims." (*See* Plf's Opp and Cross-Motion, Dkt No. 22 at, 20:20-21).

Defendant further objects to Plaintiff's recent filing requesting to be treated as an "administrative" motion (*see* Dkt No. 36, p.3, fn. 1), for the additional reason that it too is procedurally improper. Civil Local Rule 7-11 specifically precludes use of the administrative motion mechanism to circumvent procedures and timing for substantive motions. Administrative motions are for "miscellaneous administrative matters," such as exceeding page limits or filing documents under seal. N.D.Cal. Civil L. R. 7-11. This Court has repeatedly rejected improperly filed substantive motions under Local Rule 7-11.[3] The very short time frame in which a party can respond seemingly underscores why administrative motions are for non-

---

[3] *See e.g., Morgenstein v. AT&T Mobility LLC*, No. CV-09-3173, 2009 WL 3021177, at *1-2 (N.D.Ca.l. Sept. 17, 2009) (motion to stay); *Dister v. Apple-Bay East, Inc.*, No. 07-01377, 2007 WL 4045429, at *3 (N.D.Cal. Nov. 15, 2007) (same); *United States v. Cathcart*, No. C 07-4762, 2009 WL 1817006, at *1 (N.D.Cal. June 24, 2009) (motion to amend); *see also Doe v. Coder*, C 10-4756, 2010 U.S. Dist. LEXIS 131175 at *7-9 (N.D.Cal., November 30, 2010).

[FEDERAL DEFENDANT'S OBJECTION]
Case # CV-12-3683 TEH   3

1  substantive matters. Civil L. R. 7-11(b).[4] Substantive motions must be noticed in accordance
2  with Local Rule 7-2, or else be filed with a stipulation or motion to shorten time under Local
3  Rule 6-3. In contrast, Rule 7-11 requires filing of an opposition four days after it is filed. Civil L.
4  R. 7-11(b). Plaintiff's motion - raising new substantive arguments and issues for the first time
5  and seeking to file additional purported evidence after briefing is closed, all the while seeking to
6  substantially shorten Defendant's time to respond - is neither "miscellaneous" nor
7  "administrative."

8  Accordingly, Defendant objects to Plaintiff's "administrative motion" and requests that it
9  be stricken from the record. To the extent that the Court decides to entertain the merits of the
10 belated and erroneous legal arguments in Plaintiff's defective filing, Defendant will seek the
11 Court's guidance at the summary judgment hearing on the proper procedural manner and timing
12 for Defendant to respond on the merits.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: June 7, 2013           _____/s/_____
                               VICTORIA R. CARRADERO
                               Assistant United States Attorney
                               Attorneys for Federal Defendant

---

[4]*Astrazaneca Pharmaceuticals, L. P., et. al., v. Defendants,* No. C 06-0572, 2006 WL 2092068, at *1 (N.D.Cal. July 26, 2006) (denying Plaintiff's administrative motion: "Plaintiff's request for dismissals...raises substantive arguments, which cannot be adequately addressed on the short time frame contemplated by the local rule governing administrative motions.").